IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT FAUSTINO RIVERA,
        Plaintiff,

vs.                                          3:08cv373/LAC/MD

SANTA ROSA CORRECTIONAL
INSTITUTION, et al.
        Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* in the Southern District of Florida.  The case was transferred to this district and referred to the undersigned for consideration.  Upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as court records from this court and the Middle and Southern Districts of Florida, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*.  A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).  Plaintiff is well aware of this provision, as he has had multiple cases dismissed under § 1915(g).  (See Report and Recommendation from Southern District of Florida listing 53 cases filed by plaintiff, including at least 30 cases dismissed under this provision).

     Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*  In this case, plaintiff alleges that he has been deprived of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1987, and under the First, Fourth, Fifth, Eighth, Tenth, Thirteenth, Fourteenth, Fifteenth and Twenty-fourth amendments to the U.S. Constitution.  He also claims a conspiracy to deny him his federal constitutional rights, and seeks to raise two pendent state law claims for abuse of process and breach of public trust. Plaintiff claims in his complaint that he is being subjected to different forms of "torture" by the Staff of Santa Rosa Correctional Institution, including "food torture," deliberate indifference to unspecified medical needs, malicious and retaliatory cell searches, excessive use of force in regard to personal property, "alienation strategy" consisting of derogatory remarks spoken by staff in the presence of other prisoners, etc. Plaintiff further contends, among other things, that the defendants "enforce torture policy as subterfuge to fraudulently conceal the anti-competitive behavior of the prison industrial complex" and that the staff "has spawned a culture of corruption" that "revolves around the prison contours (restraint of trade).  As relief he seeks (1) ten trillion dollars in U.S. Currency, E.U. Euros, Japanese Yen or Chin Yuan; (2) an order enjoining the defendants from engaging in other and further violations of his rights including violation

of the Truth in Lending Act, 15 U.S.C. § 1601, Anti-Drug Policy and the Tort Victims Claim Act; (3) an order declaring the rights, privileges and immunities of the parties; (4) an order declaring the obligations of the parties; and (5) an award of costs and expenses including reasonable attorney's fees (although plaintiff is proceeding pro se).

Plaintiff's vague and rambling allegations do not establish that he is under imminent danger of serious injury and do not entitle him to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case. As plaintiff is well aware, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 11th day of September, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:08cv85/MCR/MD*